UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE PEGUIES,

        Petitioner,        Case Number: 2:12-CV-10074

v.        HON. NANCY G. EDMUNDS

LLOYD RAPELJE,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on Eugene Peguies' petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. Peguies, presently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, challenges his plea-based conviction for second-degree murder on the ground that his attorney provided incorrect information regarding his eligibility for parole. The Court denies habeas relief.

**I.    Background**

Petitioner was charged in Wayne County Circuit Court with first-degree felony murder in the killing of an 86-year-old man during a robbery. On July 12, 2010, he pleaded guilty to second-degree murder in return for the dismissal of the felony murder charge and a sentencing agreement of 33 to 50 years in prison. At the sentencing hearing, on August 11, 2010, Petitioner moved to withdraw his plea on the ground that his attorney incorrectly informed him he would be considered for parole every ten years. The

trial court denied the motion and sentenced the petitioner to 33 to 50 years in prison.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising this claim:

> The trial court erred in denying Defendant's motion to withdraw plea when Defendant pled under a misapprehension as to his eligibility for parole due to ineffective assistance of counsel.

The Michigan Court of Appeals denied leave to appeal. *People v. Peguies*, No. 300667 (Mich. Ct. App. Nov. 29, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Peguies*, 489 Mich. 932 (May 24, 2011).

Petitioner then filed the pending habeas petition. He raises the same claim raised in state court.

## II.   Standard

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme

malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th

Cir. 1998).

**III. Discussion**

Petitioner raises a single claim for relief – that his attorney was ineffective because he incorrectly informed Petitioner that he would be eligible for parole after serving ten years of his sentence.

Generally, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

The trial court, in denying Petitioner's motion to withdraw his plea, found defense counsel's statement that he did not inform Petitioner that he would be considered for

parole every ten years credible and Petitioner's contrary statement incredible. The trial court also noted that the court engaged in an extensive colloquy with Petitioner prior to accepting the plea and Petitioner never mentioned any promises or representations made to him regarding parole.

A federal court on habeas review does not reweigh or reevaluate the credibility of witnesses. *Nali v. Phillips*, 681 F.3d 837, 842 (6th Cir. 2012). A federal court must also presume that a state court's factual findings are correct. *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001). This presumption may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner presents no clear and convincing evidence to rebut the presumption of correctness afforded the state court's finding that counsel did not incorrectly advise Petitioner about his parole eligibility. The state court's factual finding is supported by the plea colloquy during which Petitioner was correctly and clearly informed that his minimum sentence was thirty-three years in prison and stated that no additional promises were made other than those contained in the record. If this court were to rely solely on Petitioner's statement regarding what his attorney told him and ignore the factual findings of the sentencing judge, who had an opportunity to hear and observe Petitioner and his attorney, the Court "would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir.1999). Petitioner has not shown that he was misinformed about

the consequences of his plea or that his attorney's representation fell below an objective standard of reasonableness. Habeas relief is denied.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 17, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2013, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager